No. 23-40301

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

RUDOLFO CARDONA-GARCIA,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

———————————

BRIEF FOR APPELLANT

———————————

MARJORIE A. MEYERS
Federal Public Defender
Southern District of Texas

KATHRYN SHEPHARD
Assistant Federal Public Defender
Attorneys for Appellant
440 Louisiana Street, Suite 1350
Houston, Texas 77002-1056
Telephone: (713) 718-4600

## CERTIFICATE OF INTERESTED PERSONS
United States v. Rudolfo Cardona-Garcia
No. 23-40301

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case.

1.    The Honorable Randy Crane, Chief United States District Judge.

2.    Rudolfo Cardona-Garcia, Defendant-Appellant.

3.    United States of America, Plaintiff-Appellee.

4.    Counsel for Plaintiff-Appellee: United States Attorney Alamdar S. Hamdani; and Assistant United States Attorneys Eliza Carmen Rodriguez, Jose A. Garcia, E. Paxton Warner, Peter Brostowin, and Carmen Castillo Mitchell.

5.    Counsel for Defendant-Appellant: Federal Public Defender Marjorie A. Meyers; and Assistant Federal Public Defenders Judith O. Peña and Kathryn Shephard.

These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

s/ Kathryn Shephard
KATHRYN SHEPHARD

## REQUEST FOR ORAL ARGUMENT

Mr. Cardona-Garcia requests oral argument. This appeal raises a significant question of whether the district court misapplied the Sentencing Guidelines and committed reversible plain error when it assessed two extra criminal history points for a "crime of violence," per USSG § 4A1.1(e), for prior sentences for South Dakota sexual contact with child that would otherwise have been uncounted under USSG § 4A1.2(a)(2). Counsel believes that oral argument will aid the Court.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS ........................................................i

REQUEST FOR ORAL ARGUMENT ................................................... ii

TABLE OF CONTENTS........................................................ iii

TABLE OF CITATIONS ........................................................v

STATEMENT OF JURISDICTION.........................................................1

STATEMENT OF THE ISSUE.........................................................2

STATEMENT OF THE CASE.........................................................3

    A.   Indictment and plea. ........................................................3

    B.   Sentencing. ........................................................3

    C.   Appeal and ruling presented for review. ....................................6

SUMMARY OF THE ARGUMENT ....................................................7

ARGUMENT ........................................................9

    The district court plainly erred when it classified Mr. Cardona-Garcia's South Dakota convictions for sexual assault of a child as "crimes of violence" under USSG § 4B1.2(a), assessing two extra criminal history points under USSG § 4A1.1(e) on that basis....................................9

    A.   Standard of review........................................................9

    B.   The district court plainly erred in assessing two extra points under USSG § 4A1.1(e) because Mr. Cardona-Garcia's prior South Dakota convictions do not qualify as "crimes of violence" under § 4B1.2. ........................................................10

## TABLE OF CONTENTS – (cont'd)

**Page**

1.    Mr. Cardona-Garcia's prior South Dakota convictions were correctly treated as a single sentence under USSG § 4A1.2(a)(2)..............................................................................10

2.    A defendant receives extra criminal history points under § 4A1.1(e) only if his convictions that were combined into a single sentence categorically qualify as "crimes of violence" under USSG § 4B1.2. ...............................................11

3.    The district court committed clear and obvious error by treating the South Dakota convictions for sexual contact with a child under S.D. Codified Laws § 22-22-7 as "crimes of violence" under USSG § 4B1.2. ...........................13

C.    The error affected Mr. Cardona-Garcia's substantial rights by increasing his criminal history category from II to III. ......................21

D.    The plain error seriously affected the fairness, integrity, and public reputation of judicial proceedings and should be corrected by this Court. ......................................................................22

CONCLUSION....................................................................................25

CERTIFICATE OF SERVICE ...........................................................26

CERTIFICATE OF COMPLIANCE....................................................27

# TABLE OF CITATIONS

**Page**

## CASES

*Curtis Johnson v. United States*, 559 U.S. 133 (2010) ..................................... 15-16

*Molina-Martinez v. United States*, 578 U.S. 189 (2016) ............................ 9, 21-22

*Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018) ............................. 23-24

*State v. v. Bariteau*, 884 N.W. 2d 169 (S.D. 2016) .................................. 14, 16, 20

*State v. v. Basker*, 468 N.W. 2d 413 (S.D. 1991) .................................... 14, 16, 20

*State v. Schnaidt*, 410 N.W. 2d 539 (S.D. 1987) ..................................... 15-16, 20

*Stokeling v. United States*, 139 S. Ct. 544 (2019) .......................................... 15-16

*Taylor v. United States*, 495 U.S. 575 (1990) ........................................................ 12

*United States v. Anderson*, 559 F.3d 348
(5th Cir. 2009) ...................................................................................................... 9

*United States v. Blanton*, 684 Fed. Appx. 397
(5th Cir. 2017) (unpublished) ............................................................................ 22

*United States v. Chan-Xool*, 716 Fed. Appx. 274
(5th Cir. 2017) (unpublished) ............................................................................ 13

*United States v. Diaz-Corado*, 648 F.3d 291
(5th Cir. 2011) ..................................................................................................... 17

*United States v. Escalante-Reyes*, 689 F.3d 415
(5th Cir. 2012) (*en banc*) ................................................................................... 9

*United States v. Garza-Lopez*, 410 F.3d 268
(5th Cir. 2005) ..................................................................................................... 10

# TABLE OF CITATIONS – (cont'd)

**Page**

## CASES – (cont'd)

*United States v. Gieswein*, 887 F.3d 1054
  (10th Cir. 2018) ............................................................................ 12-13, 20

*United States v. Guillen-Cruz*, 853 F.3d 768
  (5th Cir. 2017) ............................................................................ 9, 19

*United States v. Herndon*, 807 Fed. Appx. 286
  (5th Cir. 2020) (unpublished) ............................................................................ 24

*United States v. Johnson*, 880 F.3d 226
  (5th Cir. 2018) ............................................................................ 12

*United States v. Johnson*, 956 F.3d 740
  (5th Cir. 2020) ............................................................................ 19

*United States v. Kelley*, 40 F.4th 276
  (5th Cir. 2022) ............................................................................ 10

*United States v. Perez-Mateo*, 926 F.3d 216
  (5th Cir. 2019) ............................................................................ 23-24

*United States v. Rosales-Orozco*, 794 Fed. Appx. 369
  (5th Cir. 2019) (unpublished) ............................................................................ 17

*United States v. Rosas-Pulido*, 526 F.3d 829
  (5th Cir 2008) ............................................................................ 16-17

*United States v. Sanchez-Arvizu*, 893 F.3d 312
  (5th Cir. 2018), *as revised* (June 22, 2018) ............................................................................ 22

*United States v. Sanchez-Hernandez*, 931 F.3d 408
  (5th Cir. 2019) ............................................................................ 17

*United States v. Stoker*, 706 F.3d 643
  (5th Cir. 2013) ............................................................................ 9

# TABLE OF CITATIONS – (cont'd)

Page

## CASES – (cont'd)

*United States v. Urbina-Fuentes*, 900 F.3d 687
  (5th Cir. 2018) ............................................................... 19, 24

*United States v. Villarreal-Garcia*, 761 Fed. Appx. 425
  (5th Cir. 2019) (unpublished) ............................................ 24

*United States v. Williams*, 949 F.3d 1056
  (7th Cir. 2020) ............................................................... 17, 20

## STATUTES AND RULES

8 U.S.C. § 1326 ................................................................... 4

8 U.S.C. § 1326(a) .............................................................. 3

8 U.S.C. § 1326(b) .............................................................. 3

18 U.S.C. § 841(c) .............................................................. 12

18 U.S.C. § 924(e) .............................................................. 15

18 U.S.C. § 924(e)(2)(B)(i) .................................................. 15

18 U.S.C. § 2241(c) ............................................................ 18-20

18 U.S.C. § 2246(2)(D) ....................................................... 19-20

18 U.S.C. § 3553 ................................................................ 5

18 U.S.C. § 3553(a) ............................................................ 6

18 U.S.C. § 3742 ................................................................ 1

26 U.S.C. § 5845(a) ............................................................ 12

# TABLE OF CITATIONS – (cont'd)

Page

## STATUTES AND RULES – (cont'd)

28 U.S.C. § 1291 ................................................................... 1

720 Ill. Comp. Stat. 5/11-1.60 ............................................. 17

Okla. Stat. tit. 21, § 1123 .................................................... 20

S.D. Codified Laws § 22-22-7 ..................................... *passim*

S.D. Codified Laws § 22-22-7.1 .................................... 14, 19

Tex. Penal Code § 21.11 ...................................................... 17

Fed. R. App. P. 4(b)(1)(A)(i) ................................................ 1

## SENTENCING GUIDELINES

USSG App. C, amend. 722 (2008) ....................................... 17

USSG App. C, amend. 798 (2016) ....................................... 12

USSG § 2L1.2 ...................................................................... 16

USSG § 2L1.2(a) .................................................................... 4

USSG § 2L1.2(b)(2)(A) .......................................................... 4

USSG § 3E1.1(a) .................................................................... 4

USSG § 3E1.1(b) .................................................................... 4

USSG § 4A1.1(a) .......................................................... 4, 7, 11

USSG § 4A1.1(b) .................................................................... 4

**TABLE OF CITATIONS – (cont'd)**

**SENTENCING GUIDELINES – (cont'd)**

USSG § 4A1.1(c) ......................................................................... 4

USSG § 4A1.1, comment. (n.5) ........................................... 11-13

USSG § 4A1.1(e) ............................................................... *passim*

USSG § 4A1.2(a)(2) ............................................. ii, iv, 7, 10-11

USSG § 4A1.2(p) ....................................................................... 12

USSG § 4B1.2 ..................................................................... *passim*

USSG § 4B1.2(a) .................................................. iii, 2, 9, 12, 15

USSG § 4B1.2(a)(1) ........................................... 12-13, 16, 18

USSG § 4B1.2(a)(2) ............................................. 12-13, 18, 20

USSG § 4B1.2, comment. (n.1) ............................................. 18

USSG § 5K2.0 ........................................................................... 5

USSG Ch. 5, Pt. A (Sentencing Table) ................................. 22

**MISCELLANEOUS**

*Sex Offenses – Children and Minors – Convictions of Crime*,
    2010 South Dakota Laws Ch. 115 (HB 1110) ...................................... 14

## STATEMENT OF JURISDICTION

Jurisdiction of this Court is invoked under 28 U.S.C. § 1291, as an appeal from a final judgment of conviction and sentence in the United States District Court for the Southern District of Texas, and under 18 U.S.C. § 3742, as an appeal of a sentence imposed under the Sentencing Reform Act of 1984.

Mr. Cardona-Garcia timely filed notice of appeal on May 16, 2023, after the entry of judgment earlier that same day. *See* Fed. R. App. P. 4(b)(1)(A)(i).

## STATEMENT OF THE ISSUE

Whether the district court plainly erred when it classified Mr. Cardona-Garcia's South Dakota convictions for sexual contact with a child as "crimes of violence" under USSG § 4B1.2(a), assessing two extra criminal history points under USSG § 4A1.1(e) on that basis.

## STATEMENT OF THE CASE

### A.    Indictment and plea.

On February 21, 2023, a federal grand jury in the McAllen Division of the Southern District of Texas returned a single-count indictment charging Defendant-Appellant Rudolfo Cardona-Garcia with being found unlawfully present in the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b). ROA.12.

On March 2, 2023, Mr. Cardona-Garcia pleaded guilty to the indictment, without a plea agreement. ROA.92-93, 116. The prosecutor proffered the following factual basis for the plea:

> [PROSECUTOR:] On or about February 6th, 2023, the Defendant was an alien, that is, a citizen and national of Guatemala and a non-citizen of the United States who was knowingly and unlawfully present in the United States, having been found near La Jolla, Texas.
>
> After his removal from the United States on May 2nd, 2019, through Alexandria, Louisiana, he reentered without obtaining the consent to reapply for admission from either the United States Attorney General, or its [*sic*] successor, the Secretary of Homeland Security.

ROA.129-130. Mr. Cardona-Garcia agreed that those facts were correct. ROA.130.

### B.    Sentencing.

The probation office prepared a presentence report ("PSR") to assist the district court with sentencing. Using the 2021 version of the United States Sentencing Guidelines ("USSG"), the PSR, as modified by the district court, calculated Mr. Cardona-Garcia's offense level as shown in the table below:

| Calculation | Levels | USSG § | Description | Record |
|---|---|---|---|---|
| Base offense level | 8 | 2L1.2(a) | 8 U.S.C. § 1326 | ROA.166 (PSR ¶ 13) |
| Specific offense characteristic | +10 | 2L1.2(b)(2)(A) | Before first order of deportation, felony conviction for which the sentence imposed was five years or more | ROA.166 (PSR ¶ 16) |
| Adjustment to offense level | -3 | 3E1.1(a) and (b) | Acceptance of responsibility | ROA.167 (PSR ¶ 21); ROA.141 (third point) |
| **Total offense level** | **15** | | | ROA.141, 180 |

For criminal history, the PSR assessed three points under USSG § 4A1.1(a) for Mr. Cardona-Garcia's three convictions for South Dakota sexual contact with a child under 16 years old (felony), for which he was arrested on December 28, 2011, and for which he was sentenced on April 24, 2012, to 15 years in custody on each of the three counts, to run concurrently. ROA.167 (PSR ¶ 24); ROA.177-178 (judgment of conviction and sentence). Citing USSG § 4A1.1(e), the PSR added two extra points. ROA.167 (PSR ¶ 24). Although the reasoning was not explicit, the probation office must have concluded that Mr. Cardona-Garcia's second and third convictions for sexual contact with a child each qualified as a "crime of violence," and thus each received an extra point per USSG § 4A1.1(e), which calls for the addition of one point "for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under [§ 4A1.1](a), (b), or (c) . . . because such sentence

was treated as a single sentence." USSG § 4A1.1.(e). With a total of five points, the PSR placed Mr. Cardona-Garcia in a criminal history category of III. ROA.167 (PSR ¶ 24).

Based on a total offense level of 15 and a criminal history category of III, the PSR calculated a Guidelines imprisonment range of 24 to 30 months. ROA.171 (PSR ¶ 45).

In written objections submitted before sentencing, defense counsel argued that a downward departure or variance under USSG § 5K2.0 or 18 U.S.C. § 3553 would be appropriate because of Mr. Cardona-Garcia's reason for returning to the United States to work and help care for his 84-year-old mother, and because he remained outside the United States after being deported for about four years. ROA.161. Mr. Cardona-Garcia did not object to the extra points under USSG § 4A1.1(e), which increased his criminal history category from II to III.

At the sentencing hearing, defense counsel reiterated the reasons for Mr. Cardona-Garcia's return and four years outside of the United States. ROA.139. Counsel further noted that this was Mr. Cardona-Garcia's first illegal-reentry conviction, and that Mr. Cardona-Garcia understood that the Guidelines would get worse if he were to return again. ROA.139-140. Mr. Cardona-Garcia apologized for coming back, explaining that it was "a bad decision." ROA.140-141. The prosecutor requested "the high Guideline range in this particular case, recognizing that this

[was] his first time in [f]ederal [c]ourt" but noting that the conduct underlying the South Dakota convictions occurred "over the course of five years" and that Mr. Cardona-Garcia had been paroled after serving eight years of his 15-year sentence. ROA.141.

The district court adopted the PSR, expressly noted the Guidelines range of 24 to 30 months based on a total offense level of 15 and criminal history category of III, and stated that the court had "consider[ed] those factors in 18 U.S.C. § 3553(a) and believe[d] that a sentence within the Guideline[s] satisfies them." ROA.141-142. The court sentenced Mr. Cardona-Garcia to 27 months of imprisonment. ROA.142. The court did not impose supervised release or a fine, but did impose the $100 special assessment. ROA.142.

## C.    Appeal and ruling presented for review.

On May 16, 2023, Mr. Cardona-Garcia timely filed a notice of appeal. ROA.34-35; *see also* ROA.30 (judgment entered May 16, 2023). This appeal raises the issue of whether the district court misapplied the Guidelines and committed reversible plain error by assessing two extra criminal history points under USSG § 4A1.1(e) for the combined sentences for Mr. Cardona-Garcia's three South Dakota convictions for sexual contact with a child.

# SUMMARY OF THE ARGUMENT

The district court committed reversible plain error when it assessed two extra criminal history points under USSG § 4A1.1(e) for the combined sentences Mr. Cardona-Garcia received for his three South Dakota convictions for sexual contact with a child under S.D. Codified Laws § 22-22-7. Under § 4A1.1(e), sentences that are combined as a single sentence under USSG § 4A1.2(a)(2) receive an extra criminal history point only if the underlying convictions qualify as "crimes of violence," as defined by USSG § 4B1.2(a).

Under this Court's precedent and the precedent of other courts of appeals that have considered similar statutes penalizing the touching of intimate areas, whether through clothing or not, Mr. Cardona-Garcia's South Dakota convictions do not qualify as "crimes of violence" under § 4B1.2(a). The South Dakota statute does not have the use, attempted use, or threatened use of physical force as an element because it requires mere touching, without more. Nor do the convictions qualify as an enumerated "forcible sex offense." The commentary to § 4B1.2 makes clear that a state sex offense against a child categorically qualifies as a "forcible sex offense" only if (1) the statute of conviction requires a victim to be under 12 or (2) the statute of conviction requires the victim to be between 12 and 16, the defendant to be at least 4 years older, and the defendant to have committed the sexual act via force, threats, or incapacitation. None of those elements are necessary for a conviction of

South Dakota sexual contact with a child, which requires only that the victim be under 16 and prohibits mere touching without requiring the use of force, threats, or incapacitation. Because the offenses do not qualify as "crimes of violence" under § 4B1.2, it was plain error to assess two extra criminal history points under § 4A1.1(e).

This plain error affected Mr. Cardona-Garcia's substantial rights because it caused him to be sentenced under an erroneously high Guidelines range. Without the two extra points, Mr. Cardona-Garcia's criminal history category would have been II, instead of III, and the Guidelines range would have been 21 to 27 months, instead of 24 to 30 months. The district court sentenced Mr. Cardona-Garcia to 27 months with little explanation aside from noting the incorrect Guidelines range and its belief that "a sentence within the Guideline[s] satisfies" the statutory sentencing factors.

Finally, the error seriously affected the fairness, integrity, and public reputation of judicial proceedings. The error is an obvious Guidelines error, and there are no countervailing factors that would justify refusing to permit the district court to reconsider the sentence in light of the correct Guidelines range. Therefore, this Court should exercise its discretion to correct the error.

Because all of the prongs of plain-error review are met, this Court should vacate Mr. Cardona-Garcia's sentence and remand for resentencing.

# ARGUMENT

**ISSUE RESTATED**: The district court plainly erred when it classified Mr. Cardona-Garcia's South Dakota convictions for sexual contact with a child as "crimes of violence" under USSG § 4B1.2(a), assessing two extra criminal history points under USSG § 4A1.1(e) on that basis.

## A.    Standard of review.

This Court reviews the legal interpretation and application of the Sentencing Guidelines *de novo*, including "characterizing an offense as a crime of violence," which "is a purely legal determination." *United States v. Stoker*, 706 F.3d 643, 646 (5th Cir. 2013). Here, however, because there was no objection below, this Court's review is for plain error. *See*, *e.g.*, *United States v. Guillen-Cruz*, 853 F.3d 768, 770 (5th Cir. 2017). This Court finds plain error when: (1) there is an error or defect "that has not been intentionally relinquished or abandoned"; (2) the error was "clear or obvious, rather than subject to reasonable dispute"; and (3) the error affected the defendant's substantial rights. *See id.* (quoting *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (*en banc*)). "Once these three conditions have been met, the court of appeals should exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez v. United States*, 578 U.S. 189, 164 (2016) (citation omitted). "Even in the context of plain error, [this Court] consider[s] the 'error' prong *de novo*." *United States v. Anderson*, 559 F.3d 348, 354 (5th Cir. 2009) (citing *United States v. Garza-Lopez*, 410 F.3d 268, 272-73 (5th Cir. 2005)), *overruled on*

*other grounds as recognized by United States v. Kelley*, 40 F.4th 276, 286 (5th Cir. 2022).

**B.     The district court plainly erred in assessing two extra points under USSG § 4A1.1(e) because Mr. Cardona-Garcia's prior South Dakota convictions do not qualify as "crimes of violence" under § 4B1.2.**

Under USSG § 4A1.1(e), a defendant receives one criminal history point for any conviction for a "crime of violence" that otherwise did not receive any criminal history points because it was combined with another sentence under USSG § 4A1.2(a)(2). This provision incorporates the "crime of violence" definition of USSG § 4B1.2. The issue in this case is whether Mr. Cardona-Garcia's three South Dakota convictions for sexual contact with child under S.D. Codified Laws § 22-22-7 qualify as "crimes of violence" under the definition of § 4B1.2.

1.     <u>Mr. Cardona-Garcia's prior South Dakota convictions were correctly treated as a single sentence under USSG § 4A1.2(a)(2).</u>

On April 24, 2012, Mr. Cardona-Garcia sustained three convictions and sentences in South Dakota state court for sexual contact with a child. ROA.177-178. The convictions arose from the same information filed in state court alleging three different time periods. ROA.177. The PSR indicates one date of arrest for the charges in the information. ROA.167-168 (PSR ¶ 24). Judgment was imposed in the same proceeding and in the same judgment document, in which the state court sentenced Mr. Cardona-Garcia on each count to a sentence of 15 years in the state penitentiary, to run concurrently with one another. ROA.177-178. Because the

sentences were imposed on the same day and not separated by an intervening arrest, the sentences were correctly treated as a single sentence under USSG § 4A1.2(a)(2).[1] The PSR assessed three criminal history points for this single sentence under § 4A1.1(a). ROA.167 (PSR ¶ 24).

2. <u>A defendant receives extra criminal history points under § 4A1.1(e) only if his convictions that were combined into a single sentence categorically qualify as "crimes of violence" under USSG § 4B1.2.</u>

The PSR assessed two extra criminal history points under USSG § 4A1.1(e) for the South Dakota convictions, implicitly reasoning that each conviction qualified as an uncounted "crime of violence" under § 4A1.1(e). ROA.167 (PSR ¶ 24). Section 4A1.1(e) instructs: "Add 1 point for each prior conviction resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection." USSG § 4A1.1(e); *see also* USSG § 4A1.1, comment. (n.5).

---

[1] This Guideline provides in relevant part:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or treated as a single sentence. Prior sentences are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses charged in the same charging instrument; or (B) the sentences were imposed on the same day. Treat any prior sentence covered by (A) or (B) as a single sentence. *See also* § 4A1.1(e).

USSG § 4A1.2(a)(2).

Section 4A1.1(e) relies on § 4B1.2(a) to define a "crime of violence." *See* USSG § 4A1.2(p); *see also* USSG § 4A1.1, comment. (n.5). Section 4B1.2(a), in turn, provides that:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)    is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

USSG § 4B1.2(a). The PSR and district court must have reasoned that Mr. Cardona-Garcia's convictions for sexual contact with a child either had the use of physical force as an element, or qualified as the enumerated offense of a "forcible sex offense."

To determine if a conviction qualifies as a "crime of violence" under either the force clause of § 4B1.2(a)(1), or as one of the enumerated offenses listed under § 4B1.2(a)(2), this Court applies the categorical approach, looking at the elements of the statute of conviction and not the specific facts of the offense. *See United States v. Johnson*, 880 F.3d 226, 234 (5th Cir. 2018); *see also Taylor v. United States*, 495 U.S. 575, 602 (1990) (setting forth the categorical approach); USSG App. C, amend. 798 (2016) (reaffirming application of the categorical approach to § 4B1.2); *United*

*States v. Gieswein*, 887 F.3d 1054, 1056 (10th Cir. 2018) (same). In order for a sentence to receive an extra point under § 4A1.1(e), all prior convictions that are treated as a single sentence must count as a "crime of violence." *See United States v. Chan-Xool*, 716 Fed. Appx. 274, 279 (5th Cir. 2017) (unpublished); USSG § 4A1.1, comment. (n.5) (instructing that an extra point is added if the defendant received multiple prior sentences as a result of "convictions for crimes of violence that are treated as a single sentence").

As detailed below, the district court plainly erred in assessing two extra points under USSG § 4A1.1(e) because, under this Court's precedent, the precedent of other courts of appeals addressing crimes similar to those at issue here, and the plain language of the relevant Guidelines and statute, Mr. Cardona-Garcia's convictions for sexual contact with a child do not qualify as "crimes of violence" under USSG § 4B1.2(a)(1) or (a)(2).

3.  <u>The district court committed clear and obvious error by treating the South Dakota convictions for sexual contact with a child under S.D. Codified Laws § 22-22-7 as "crimes of violence" under USSG § 4B1.2.</u>

Mr. Cardona-Garcia was charged in South Dakota in 2012 with three offenses of sexual contact with a child, under S.D. Codified Laws § 22-22-7. ROA.177-178. The offenses occurred in 2009, 2010, and 2011. ROA.177. Section 22-22-7 was last

amended in 2010, but those amendments do not affect the analysis in this case. [2] All

three offenses, therefore, will be analyzed under the current law.

The South Dakota statute at issue provides that "[a]ny person, sixteen years

of age or older, who knowingly engages in sexual contact with another person, other

than that person's spouse if the other person is under the age of sixteen years is guilty

of a Class 3 felony." S.D. Codified Laws § 22-22-7. South Dakota law defines

"sexual contact" as:

> any touching, not amounting to rape, whether or not through clothing
> or other covering, of the breasts of a female or the genitalia or anus of
> any person with the intent to arouse or gratify the sexual desire of either
> party.

S.D. Codified Laws § 22-22-7.1.

South Dakota court decisions confirm that § 22-22-7, operating with the

definitions set forth above, reaches mere touching, even through clothing, as long as

the touch is for the purpose of sexual gratification. *See, e.g.*, *State v. Bariteau*, 884

N.W.2d 169, 172, 175-76 (S.D. 2016) (evidence of sexual contact sufficient when

the defendant touched the victim with his genitalia while both were fully clothed);

*State v. Basker*, 468 N.W.2d 413, 417 (S.D. 1991) (upholding conviction when the

contact did not take place underneath the victim's clothing, even before the statute

---

[2] The amendment changed the criteria for when sexual contact with a minor constitutes a
Class 1 misdemeanor. *See Sex Offenses—Children and Minors—Conviction of Crime, 2010 South
Dakota Laws Ch. 115 (HB 1110)*. The definition of "sexual contact" has remained unchanged
since 2004. *See* S.D. Codified Laws § 22-22-7.1 (West).

defining "sexual contact" was amended in 2004 to add the phrase "whether or not through clothing or other covering"); *State v. Schnaidt*, 410 N.W.2d 539, 540-43 (S.D. 1987) (same). Because the South Dakota offense at issue reaches mere touching, even if through the clothing, without any requirement of proof of pain or injury, Mr. Cardona-Garcia's convictions for that offense did not qualify as "crimes of violence" under USSG § 4B1.2(a).

    a.   <u>The South Dakota offense clearly does not have the use of physical force as an element.</u>

Mere touching, absent an element of causation of bodily injury or resistance, does not categorically require as an element the use, attempted use or threatened use of physical force. In the context of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the Supreme Court has held that the term "physical force" used in the same elements test applied to define a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i), requires "*violent* force—that is, force that is capable of causing physical pain or injury to another person," and rejected as meeting such definition a crime committed with "*any* physical contact, no matter how slight." *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010) (italics in original; internal quotation marks omitted). The Supreme Court reaffirmed that definition in *Stokeling v. United States*, 139 S. Ct. 544 (2019), holding that "physical force" means force capable of causing physical injury or pain, such as that necessary to overcome a victim's resistance. *Id.* at 553-54.

As the South Dakota cases cited above demonstrate by their facts, the South Dakota sexual contact requires only a touching, with no requirement of any force capable of causing injury. *Bariteau*, 884 N.W.2d at 172, 175-76; *Basker*, 468 N.W.2d at 417; *Schnaidt*, 410 N.W.2d at 540-43. That is unsurprising because the focus of the statute is on whether the touching of specific parts of the body was done for the purpose of sexual gratification. *See* S.D. Consolidated Laws § 22-22-7; *see also Bariteau*, 884 N.W.2d at 175-76 (emphasizing the statute was written broadly to encompass "*any touching*" of any person with intent to arouse or gratify the sexual desires of either party). Therefore, Mr. Cardona-Garcia's prior convictions were not "crimes of violence" under USSG § 4B1.2(a)(1)'s elements test.

This result was clear at the time of sentencing under *Curtis Johnson* and *Stokeling*, but it was also clear from this Court's prior case law in which the Court had held that similar offenses involving mere touching for sexual gratification did not rise to the level of "physical force." In *United States v. Rosas-Pulido*, 526 F.3d 829 (5th Cir 2008), this Court held that a similar Minnesota statute that prohibited "unwanted touching and pinching of a breast accomplished only by the force inherent in that touching and pinching" did not rise to the level of "physical force" to qualify under the same elements test then applied under USSG § 2L1.2.[3] *Rosas-*

---

[3] The specific outcome of *Rosas-Pulido* was effectively overruled by amendments to USSG § 2L1.2 in 2008 to define "forcible sex offense" to include any crime where consent was not given or not legally valid. However, even that amendment to the Guidelines was needed in

*Pulido*, 526 F.3d at 835-36; *see also United States v. Rosales-Orozco*, 794 Fed.

Appx. 369, 372-74 (5th Cir. 2019) (unpublished) (holding that a Pennsylvania statute

penalizing sexual intercourse without consent, including by incapacitation or deceit,

did not have the use of physical force as an element). The United States has even

conceded that statutes involving similar touching or contact did not have as an

element the use of force. *See United States v. Flores-Lopez*, 5th Cir. No. 20-40818

(docket entry #29, government's motion for summary remand in which the

government agreed that a Nebraska statute defining sexual contact to include

intentional touching of the victim's intimate parts covered by clothing did not have

force as an element); *United States v. Sanchez-Hernandez*, 931 F.3d 408, 410-11

(5th Cir. 2019) (in a case involving the Texas offense of indecency with a child under

Tex. Penal Code § 21.11, which defines sexual contact as "any touching . . . ,

including through clothing," of specified body parts, the government conceded that

the district court committed clear and obvious error in classifying that offense as a

"crime of violence" for purposes of USSG § 4A1.1(e)); *see also United States v.*

*Williams*, 949 F.3d 1056, 1066-67 (7th Cir. 2020) (noting the government's

concession and holding that the Illinois crime of aggravated criminal sexual abuse,

720 Ill. Comp. Stat. 5/11-1.60, did not have the use of physical force as an element

---

recognition of the fact that such conduct would not involve the use of force as an element. *See*
*United States v. Diaz-Corado*, 648 F.3d 291, 293 (5th Cir. 2011) (discussing USSG App. C.,
amend. 722 (Nov. 2008)).

where the statute reached to any touching of a body part of a child for sexual gratification, including kissing). Therefore, treating Mr. Cardona-Garcia's prior South Dakota convictions as "crimes of violence" under the element-based, physical force clause of USSG § 4B1.2(a)(1) was clear and obvious error.

   b.   <u>The South Dakota offense clearly is not a "forcible sex offense."</u>

   It was also clear or obvious error to treat these South Dakota offenses as "forcible sex offenses" under USSG § 4B1.2(a)(2). The commentary to § 4B1.2 specifies that the offenses of "sexual abuse of a minor" or "statutory rape" qualify as a "forcible sex offense" under this Guideline "only if" certain specific elements are required for conviction, either: (1) the statute of conviction requires a "sexual act" with a victim under the age of 12; or (2) the statute of conviction requires a sexual act with a victim between the ages of 12 and 16 when the person is at least four years older than the victim, and the sexual act was committed through the use of force, threats, or incapacitation. USSG § 4B1.2, comment. (n.1) (defining "forcible sex offense" as an offense under state law that is equivalent to an offense under 18 U.S.C. § 2241(c)); 18 U.S.C. § 2241(c) (defining aggravated sexual abuse with children). For purposes of the federal offenses incorporated in this definition, a "sexual act" means, in relevant part, "the intentional touching *not through the clothing*, of the *genitalia* of another person who has not attained the age of 16 years

with an intent to abuse, humiliate, harass, degrade or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2)(D) (emphasis added).

Just based on a plain reading of the South Dakota statute, it is clear and obvious that the statute is broader than the federal definition of "sexual act" that is the prerequisite for commission of a crime under 18 U.S.C. § 2241(c). *See United States v. Johnson*, 956 F.3d 740, 746 (5th Cir. 2020) ("In some circumstances, an error is evident from a plain reading of the statute and thus, is obvious.") (cleaned up); *United States v. Urbina-Fuentes*, 900 F.3d 687, 697-98 (5th Cir. 2018) (finding that an error involving the categorical approach was plain despite the lack of Fifth Circuit case law addressing the relevant statute); *United States v. Guillen-Cruz*, 853 F.3d 768, 772 (5th Cir. 2017) ("[T]his court has found clear error in the absence of precedent where the plain language of the prior offense statute clearly criminalized conduct outside of the Guidelines offense. . . . Notwithstanding the lack of precedent, it is plain from the face of the relevant statutes and regulations that [the prior offense did not qualify as a basis for sentence enhancement].""). The South Dakota statute of conviction penalizes "sexual contact," which includes touching through the clothing—an act explicitly *excluded* from the scope of the incorporated federal offense, and the South Dakota statute reaches touching of other areas in addition to the genitalia, the only part of the body included within the federal offenses. *Compare* S.D. Codified Laws §§ 22-22-7, *and* 22-22-7.1, *with* 18 U.S.C. §§ 2241(c), *and*

2246(2)(D). On its very face, therefore, the South Dakota statute of conviction is broader than the federal offense incorporated as the definition of "crime of violence" for purposes of USSG § 4B1.2(a)(2), and state cases confirm as much. *Bariteau*, 884 N.W.2d at 172, 175-76; *Basker*, 468 N.W.2d at 417; *Schnaidt*, 410 N.W.2d at 540-43.

The decisions of other courts of appeals addressing similar statutes support Mr. Cardona-Garcia's argument. In *Gieswein*, the Tenth Circuit held that Oklahoma's lewd molestation statute, Okla. Stat. tit. 21, §1123, was not a "crime of violence" as a "forcible sex offense" under USSG § 4B1.2(a)(2) because the Oklahoma statute reached touching *through the clothing*, beyond the scope of 18 U.S.C. § 2241(c). *Gieswein*, 887 F.3d at 1059-60 (applying categorical approach). In *Williams*, on plain-error review, the Seventh Circuit similarly held that the Illinois offense of aggravated criminal sexual abuse did not qualify as a "forcible sex offense" under USSG § 4B1.2(a)(2) because the Illinois statute, like the South Dakota statute at issue in the instant case, reached touching through the clothing and the touching of body parts not limited to the genitalia and was, therefore, broader than the scope of the incorporated federal statute. *Williams*, 949 F.3d at 1067. This Court, looking to the plain meaning of the text of the South Dakota statute, its application in the cases cited above, and the persuasive authority of its sister circuits, should hold that the district court committed clear and obvious error in treating

Mr. Cardona-Garcia's South Dakota convictions as "crimes of violence" for purposes of USSG § 4A1.1(e).

## C.  The error affected Mr. Cardona-Garcia's substantial rights by increasing his criminal history category from II to III.

The plain error in this case affected Mr. Cardona-Garcia's substantial rights. In this case, the district court clearly based its sentence on the incorrect Guidelines range. The court imposed a sentence of 27 months with little explanation aside from noting the incorrect, higher Guidelines range and its belief that "a sentence within the Guideline[s] satisfies" the statutory sentencing factors. ROA.141-142.

The Supreme Court has held that "[w]hen a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016). Accordingly, "[i]n most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome." *Id.* at 200.

The erroneous assessment of two extra criminal history points resulted in the district court's application of an erroneously high Guidelines range. Without the extra points under USSG § 4A1.1(e), Mr. Cardona-Garcia would have had three criminal history points, not five, and been assigned a criminal history category of II,

rather than III. At his offense level of 15, the correct Guidelines range would have been 21 to 27 months, instead of 24 to 30 months. *See* USSG Ch. 5, Pt. A (Sentencing Table). On this record, there is a reasonable probability of a lower sentence under the framework of *Molina-Martinez*. *See, e.g.*, *United States v. Sanchez-Arvizu*, 893 F.3d 312, 317 (5th Cir. 2018), *as revised* (June 22, 2018) (finding an effect on substantial rights because the district court's statement that it would "stay close to the low end" of the incorrect range meant that the "sentence was firmly rooted in the incorrect Guidelines range, and not chosen 'irrespective of it'") (cleaned up) (quoting *Molina-Martinez*, 578 U.S. at 200); *United States v. Blanton*, 684 Fed. Appx. 397, 400 (5th Cir. 2017) (unpublished) (finding an effect on substantial rights when the court "expressly tied its sentencing decision to the low end of the erroneous[ly]-applied Guidelines sentencing range" and rejecting the government's argument that the error didn't affect substantial rights when the original sentence was within both the correct and incorrect ranges because the Supreme Court had "remanded in *Molina-Martinez* in similar circumstances, finding 'at least a reasonable probability' a lower sentence would have been imposed") (quoting *Molina-Martinez*, 578 U.S. at 202).

**D.      The plain error seriously affected the fairness, integrity, and public reputation of judicial proceedings and should be corrected by this Court.**

Finally, the error here seriously affected the fairness, integrity, and public reputation of judicial proceedings, and thus should be corrected by this Court even

on plain-error review. This case involves an error in calculating the Guidelines that creates a reasonable likelihood of a lower sentence on remand. "The risk of unnecessary deprivation of liberty particularly undermines the fairness, integrity, or public reputation of judicial proceedings in the context of a plain Guidelines error because of the role the district court plays in calculating the range and the relative ease of correcting the error." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1908 (2018). And, "[i]n the ordinary case, as here, the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings." *Id*. at 1911. That is because, in part, as this Court has explained, "[a]llowing such a defendant to be re-sentenced with corrected Guideline calculations reduces the risk of unnecessary jail time and 'exhibit[s] regard for fundamental rights and respect for prisoners as people.'" *United States v. Perez-Mateo*, 926 F.3d 216, 218 (5th Cir. 2019) (quoting *Rosales-Mireles*, 138 S. Ct. at 1908).

This case qualifies as ordinary, and the record does not reveal any countervailing factors. Although Mr. Cardona-Garcia's prior South Dakota convictions are undeniably serious, a defendant's criminal history "does not help explain whether plain procedural error . . . seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Rosales-Mireles*, 138 S. Ct. at 1910 n.5. As this Court has stated, the *Rosales-Mireles* decision directs that a defendant's

criminal history is not relevant to whether a plain procedural error in sentencing proceedings warrants the exercise of this Court's discretion. *Perez-Mateo*, 926 F.3d at 220 (citing *Rosales-Morales*, 138 S. Ct. at 1910 n.5); *see also United States v. Villarreal-Garcia*, 761 Fed. Appx. 425, 428 (5th Cir. 2019) (unpublished) (recidivism and criminal history are "no longer relevant to a consideration of whether this court should exercise its discretion to correct an error") (citations omitted).

It is clear from *Rosales-Mireles* that the Supreme Court "expects relief to 'ordinar[il]y' be available to defendants in sentencing cases when the first three prongs were met." *Urbina-Fuentes*, 900 F.3d at 699. "While the defendant bears the burden of persuasion at prong four, *Rosales-Mireles* instructed that '[i]n the ordinary case, proof of a plain Guidelines error that affects the defendant's substantial rights is sufficient to meet that burden." *United States v. Herndon*, 807 Fed. Appx. 286, 291 (5th Cir. 2020) (unpublished) (quoting *Rosales-Mireles*, 138 S. Ct. at 1908 n. 4). Accordingly, the Court should exercise its discretion to correct the error in this case, and remand for resentencing without the two extra points under USSG § 4A1.1(e).

## CONCLUSION

For the foregoing reasons, this Court should vacate the sentence and remand

for resentencing without the two extra points under USSG § 4A1.1(e).

Respectfully submitted,

MARJORIE A. MEYERS
Federal Public Defender
Southern District of Texas

s/ Kathryn Shephard
KATHRYN SHEPHARD
First Assistant Federal Public Defender
Attorneys for Appellant
440 Louisiana Street, Suite 1350
Houston, Texas 77002-1056
Telephone: (713) 718-4600

## CERTIFICATE OF SERVICE

All parties required to be served with copies of this document have been so served by filing via the Fifth Circuit ECF filing system.

s/ Kathryn Shephard
KATHRYN SHEPHARD

**CERTIFICATE OF COMPLIANCE**

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 5,625 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word Office 365 (current version) software in Times New Roman 14-point font in text and Times New Roman 12-point font in footnotes.

3.     This brief complies with the privacy redaction requirement of 5th Cir. R. 25.2.13 because the brief has been redacted of any personal data identifiers.

4.     This brief complies with the electronic submission of 5th Cir. R. 25.2.1 because this brief is an exact copy of the paper document.

5.     This brief is free of viruses because the brief has been scanned for viruses with the most recent version of a commercial virus scanning program.

s/ Kathryn Shephard
KATHRYN SHEPHARD